UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN C.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C21-667-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ (1) misevaluated Plaintiff's testimony, and the medical evidence, (2) failed to properly consider all of Plaintiff's severe and non-severe impairments in determining residual functional capacity ("RFC"), and (3) failed to properly evaluate Plaintiff's claims at step five of the disability evaluation process. Dkt. 13 at 1-2. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 23 years old, has a limited education, and has no past relevant work. Tr. 29. In 2018, he applied for benefits, alleging disability as of June 1, 2018. Tr. 15. His application was denied initially and on reconsideration. Tr. 75-106. The ALJ conducted a hearing on September 1, 2020, and subsequently issued a decision finding Plaintiff not disabled. Tr. 15-31,

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION - 1

38-73. In relevant part, the ALJ found Plaintiff had severe impairments of status post right fifth metacarpal shaft fracture, impaired vision requiring corrective lenses, skin infections, affective disorder (bipolar vs. major depressive disorder), panic disorder, and attention deficit hyperactivity disorder. Tr. 17. The ALJ found Plaintiff had the RFC to perform medium work with additional exertional, postural, cognitive, social, and adaptive limitations. Tr. 22. The ALJ found because there are jobs in the national economy that Plaintiff can perform and he is not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision is the Commissioner's final decision. Tr. 1-3.

## DISCUSSION

### A.  Plaintiff's Testimony

Plaintiff testified he cannot work due to a collapsed lung, blood clots, and dislocation in his shoulders, Tr. 52; he has trouble concentrating, and cannot see out of his right eye, Tr. 54; he can lift five to ten pounds at one time, and has trouble reaching overhead or in front of himself, Tr. 57; he cannot sit for long because he will have another blood clot, *id.;* he can only walk about a block at a time, Tr. 58; he has bipolar disorder, depression, and anxiety, Tr. 220, 228; and he has difficulty learning, remembering, understanding, and getting along with others. Tr. 222, 233.

Because the ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and no affirmative evidence of malingering, the ALJ was required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony as to symptom severity. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ rejected Plaintiff's testimony about the severity of his physical symptoms finding them "out of proportion to his presentation at appointments." Tr. 24. A significant

number of Plaintiff's medical appointments were to treat abscesses. *See, e.g.*, Tr. 334, 366, 387, 404, 411-12, 418, 479, 533.  Plaintiff argues the ALJ cherry-picked instances of normal findings and did not give enough weight to Plaintiff's injuries from punching someone, need for a splint, skin infections and reduced range of motion and grip. But the ALJ noted and the record shows Plaintiff's doctors regularly documented overall normal functioning when these conditions were being treated. Tr. 24.  Given the record, the Court cannot say the ALJ's determination was unreasonable or unsupported by the medical record. Although the record might be susceptible to more than one rational interpretation, the Court cannot say the ALJ's interpretation is irrational or unsupported. Accordingly, the Court will not disturb the ALJ's determination to discount Plaintiff's testimony about his physical symptoms.

The ALJ also rejected Plaintiff's physical symptom testimony based on his failure to follow prescribed treatment.  Tr. 25.  In June 2018, Plaintiff told an examining psychologist he was not taking any medications for his hand injury, and would not take any, reporting that they made him angry.  Tr. 293.  In October 2018, Plaintiff declined abscess drainage and multiple suggestions for pain control.  Tr. 367.  Plaintiff testified at the hearing that he was not taking any pain medications, and that doctors "just want me to go to physical therapy." Tr. 58.  Substantial evidence thus supports the ALJ's determination that the record shows Plaintiff failed to follow treatment recommendations.  *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

The ALJ rejected Plaintiff's testimony regarding the severity of his mental symptoms for similar reasons.  The ALJ noted providers found Plaintiff cooperative, with normal mood and affect, normal thought processes, and normal thought content.  *See* Tr. 25-26, 327, 356, 366, 379, 438, 468, 473, 479, 483, 487, 489, 548. The ALJ noted at times Plaintiff was depressed, anxious and angry but in general he displayed normal and appropriate mood and affect. The ALJ noted

Plaintiff's mental status exams typically showed he was alert and oriented; had normal thought process, speech, perception and thought content with no delusions or psychosis and that he had fair concentration. The ALJ concluded because Plaintiff's providers typically observed Plaintiff as being in no acute distress, his testimony of chronic incapacitating mental symptoms was inconsistent with the record.

Plaintiff argues the ALJ's finding is based upon a selective review of the record and that at times the record shows Plaintiff was irritable and exhibited oppositional behavior even though he said he was okay. However, the ALJ found that although Plaintiff did at times display depression, anxiety and anger, most of record showed symptoms far less severe than alleged. The Court cannot say the ALJ's finding is unreasonable or unsupported and thus is required to affirm the ALJ's finding, even though the record might be susceptible to more than one reasonable interpretation.

The ALJ also rejected Plaintiff's testimony because he refused to take medications or see a counselor, Tr. 26, 293, 376, 378, it was inconsistent with his daily activities, and because he has a poor work history.  Tr. 27. These reasons do not withstand scrutiny and are erroneous. However, the errors are harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that an error is harmless when it is "inconsequential to the ultimate nondisability determination") (internal citation and quotation marks omitted).

**B.     Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating a number of medical opinions in the record.  Under 20 C.F.R. § 416.920c(b)(2), (c), the ALJ considers the persuasiveness of a medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important

factors.  The decision must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. § 416.920c(b), and must be supported by substantial evidence.

Plaintiff first argues the ALJ erred in finding persuasive the opinions of Wayne Hurley, M.D., and Alnoor Virji, M.D.  This argument fails because an ALJ is not required to give reasons for incorporation a medical opinion into the RFC.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions").  Plaintiff has not shown the ALJ erred in accepting these opinions.

Plaintiff next argues the ALJ erred in finding the opinions of Michael Regets, Ph.D., and Mary Koehler, Ph.D., partially persuasive.  Plaintiff suggests the ALJ ignored the parts of Dr. Regets's and Dr. Koehler's opinions that were more restrictive than the RFC.  But Plaintiff fails to identify those parts, and thus fails to carry his burden of establishing harmful error. The Court also does not see any such parts.  *Compare* Tr. 22, *with* Tr. 85-87, 101-03.

Plaintiff last argues the ALJ erred by rejecting the opinions of Ellen Walker, Ph.D., and Luci Carstens, Ph.D.  Dr. Walker examined Plaintiff twice.  In June 2018, Dr. Walker examined Plaintiff, conducting a clinical interview and mental status exam.  Tr. 293-97.  She opined Plaintiff had marked limitations in a number of basic work activities, such as the ability to understand, remember, and persist in tasks by following detailed instructions, the ability to learn new tasks, and the ability to communicate and perform effectively in a work setting.  Tr. 295.  Dr. Carstens reviewed and concurred with Dr. Walker's 2018 opinions.  Tr. 298-302.

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION - 5

Dr. Walker examined Plaintiff again in March 2020.  Tr. 435-39.  She again conducted a clinical interview and mental status exam.  *Id.*  Dr. Walker opined Plaintiff had largely the same marked limitations as he had in 2018.[1]  Tr. 437.

The ALJ rejected Dr. Walker's and Dr. Carstens's opinions because they were "based on cursory examinations with no meaningful testing," "made via checkbox forms without much explanation for ratings given," inconsistent with the overall medical record, inconsistent with Plaintiff's statements about improvement with treatment, and inconsistent with Plaintiff's activities of daily living.  Tr. 29.

Many of the ALJ's reasons for rejecting Dr. Walker's and Dr. Carstens's opinions fail, but the ALJ did not err in rejecting these opinions as inconsistent with the overall medical record.  As discussed above with respect to Plaintiff's testimony, the ALJ found the medical record generally documented far less severe findings than found by Dr. Walker and Carstens.  The ALJ thus did not err in finding that evidence contradicted Dr. Walker's and Dr. Carstens's opinions.  The Court accordingly affirms the ALJ's determination.  *See Molina*, 674 F.3d at 1115.

C.   **Severe and Non-Severe Impairments in the RFC**

Plaintiff contends the ALJ erred by failing to account for all of Plaintiff's severe and non-severe impairments in the RFC.  In particular, Plaintiff claims the ALJ erred by failing to properly consider limitations from Plaintiff's skin infections, as well as his lung, shoulder, and blood clot issues. But the ALJ addressed each of these conditions.  The ALJ discussed Plaintiff's

---

[1] Dr. Walker opined in 2018 that Plaintiff was markedly limited in his ability to adapt to changes in a routine work setting, and moderately limited in his ability to be aware of normal hazards and take appropriate precautions.  Tr. 295.  In 2020, Dr. Walker flipped these opinions, finding Plaintiff was moderately limited in his ability to adapt to changes in a routine work setting, and markedly limited in his ability to be aware of normal hazards and take appropriate precautions.  Tr. 437.  The remainder of Dr. Walker's opinions remained the same.

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION - 6

skin issues in the context of Plaintiff's testimony.  Tr. 24-25.  The ALJ found Plaintiff's lung issue did not last 12 months, and he regularly exhibited normal respiratory function.  Tr. 18.  The ALJ found there was no objective evidence of blood clots or dislocated shoulders, and thus no associated limitations.  *Id.*  Plaintiff has failed to show the ALJ erroneously evaluated this evidence, and has thus failed to show the ALJ erred in not including additional limitations in the RFC based on these conditions.

### D. Step Five

Plaintiff contends the ALJ erred at step five because the RFC and hypotheticals to the vocational expert did not contain all of Plaintiff's limitations.  This argument depends on Plaintiff's earlier arguments, as it assumes the ALJ erroneously rejected Plaintiff's testimony and the medical evidence, and failed to address Plaintiff's non-severe impairments.  As the Court has found the ALJ did not err in these respects, Plaintiff's argument regarding the RFC and hypotheticals also fails.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding an ALJ has no obligation to include limitations in the RFC that are based on properly rejected opinions and testimony).

Plaintiff further contends the ALJ erred at step five because the jobs he identified as ones Plaintiff could perform did not exist in significant numbers in the national economy.  Plaintiff argues the job of production helper does not exist in significant numbers because there are only 6,444 jobs in the national economy.  But Plaintiff acknowledges the ALJ identified three total jobs Plaintiff could perform: production helper, salvage-recycle laborer, and laundry worker II.  Tr. 30.  The vocational expert testified and the ALJ found there are 113,623 salvage-recycle laborer jobs in the national economy, and 70,489 laundry worker II jobs.  Tr. 30, 67.  Even ignoring production helper, the ALJ identified two jobs that easily satisfied the requirement of

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION - 7

existing in significant numbers in the national economy. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (holding 25,000 national jobs constituted work which exists in significant numbers in the national economy). Plaintiff's argument thus lacks merit and the ALJ did not err at step five.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 13th day of January, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge